Kinkead, J.
This action wag for a, personal injury suffered by plaintiff, a boy aged ten, riding a bicycle, by collision with an automobile being driven by defendant. The charge was that the automobile was being driven at a speed in excess of fifteen miles pen hour. The question concerning which we express the view taken in submitting the case to the jury is as to the rule of speed.
The character of territory of the city where the accident occurred was not business and closely built up portions of the city. West Broad street, bounded on the north by the State Hospital Grounds, and one business place occupied by two stores, the rest on the south side of the street being residences with one parochial school.
It was stated in the charge that:
‘ ‘ The statutes provide that a motor vehicle shall not be run at a greater speed than eight miles per hour in the business and closely built up portion of a municipality. This means that the territory where automobiles are limited to eight miles per hour must be closely built up with business houses. It does not have application to such territory, as is disclosed by the evidence, where there is one business building containing two business places, the remaining territory being built up closely with residences, a school building and a state hospital. The business houses must be occupied as places of business operated by persons who are carrying on a trade and employment for the -accommodation and service of the general public.
“Under the evidence m this case where facts concerning the territory are not controverted the court instructs the jury that the defendant was required to drive his car at a speed not exceeding fifteen miles per hour.”
This is claimed to be error, it being contended that the question of speed under the evidence should be submitted to the jury.
The function of court and jury is elementary and familiar. The duty and power of a jury is to decide disputed claims. When the facts are in dispute or controverted the function of *583 the jury is to deduce from the conflicting testimony, and from that accepted as evidence, the ultimate facts as to how the transaction occurred or took place.
Instructions to the jury are to be given when the claims and testimony are in conflict or dispute, or, as-is usually stated, when the facts are in dispute.
When there is no conflict in testimony, or in the evidence; when the facts are not controverted, when they are disclosed by the evidence to be a given state of facts not in dispute, then nothing remains but for the court to apply the law. This is the function of the court, not of the jury. It should be just as appropriate to state that the jury should not be substituted for the court, as to say that the “court should not be substituted for the jury. ’ ’
“More liberal and indefinite expressions have been made since the recent criticism and indictment of courts, viz.: What is ordinary care, what is reasonable safety, and the like, are in the first instance, usually, questions for the determination of the jury under all the evidence and proper instructions,” etc. 88 O. S., 34. There must be no “sinister and indirect invasion and usurpation of the right of trial by jury.” Id., 43. “Ordinarily, the question of negligence, if not one of fact, is of mixed law and fact, and is a proper issue for the determination of the jury. If negligence raised a proper issue for * * * the jury, certainly contributory negligence must likewise raise a proper issue for the determination of the, ’ ’ etc. Id., p. 44.
The right,, power and duty of trial courts should be equally as sacred and secure as, “The right of trial by jury should be * * * inviolate in the working of our courts, as it is in the Constitution.” Gibbs ease, 88 O. S., 34, 47.
It was for the jury to decide in the light of all the facts whether it was negligence, etc., or “the issue on that question as made by the pleadings was one of fact to be determined by the jury from all the evidence under proper instructions,” etc., “whether or not plaintiff exercised ordinary care and caution in crossing the tracks was a question for the jury under proper instructions” (93 O. S., 127), are common present day expressions, and have a tendency to endanger the judicial function in the working of trial courts.
*584 “The judicial tendency is toward looseness of either conception or expression. * * * Judges and courts are too often satisfied with the statement that a question is peculiarly one for the jury, without observing and applying the settled rules which mark the line between the province of the court and jury. There is apprehension lest the trend of the times has something to do with it.” Ohio Civ. Trials, Section 632.
The true conception appears to be that:
‘ ‘ If the facts are not disputed * * * and there is but one inference to be drawn, to which the law is to be applied, non-suit may be entered. To state that a question-is for the jury, without inference to the rules governing the matter, is meaningless.” Id., Section 632.
There are defined rules governing submission of questions to the jury; where there is any evidence that tends to prove, etc.; where facts are of doubtful meaning, and ordinary candid and intelligent men may arrive at different conclusions, or where the facts, though undisputed, are such concerning which reasonable minds might reach different conclusions. When facts are undisputed, .and but one rational conclusion can be deduced, it is a question of law for the court; if from the undisputed facts and circumstances the inferences to be drawn are reasonably clear and natural, or fairly inferable and not equivocal, and can lead to but one conclusion, it becomes .a question of law for the court. Ohio Civ. Tr., Sections 632, 633, and cases.
Does it not seem plain that there is seldom room for controversy concerning the character of a portion of a municipality in such cases as the one at bar. When the undisputed facts presented by all the evidence do not disclose the locality of a municipality to be a business and closely built up portion thereof, must the question nevertheless be submitted to the jury and, for example, permit all kinds of arguments and contentions concerning the law to be made to the jury ? Counsel for plaintiff would have had the locality here involved a business and closely built up portion; arguments would have been made to the jury concerning the business at the asylum, the traffic to and from the same on all occasions, except at the date of this accident when the street was clear.
*585 The business and closely built up portions of a municipality means that portion of a city contiguous to a public highway, where the locality is built up with structures devoted to business. This is not restricted to what might be considered the main business and closely built up part of a city, but is to be applied to different portions which may be devoted to business being closely built up with business, though to a more limited extent.
Closely built up, qualifies and refers to business portions. “Closely built up” means “portions” of a city where places of business are brought together in a close manner or state, where* places or buildings devoted to business come together. This seems to be the common grammatical construction of the statute. It is not necessary to prescribe how much business is done, how great or how small, or how large or small may be the numbers of the buildings.
The statute is not designed to apply to closely built up portions of a city devoted exclusively to residential purposes.
The design of the statute is to guard and protect people thus brought together at such business portions of a city by requiring them to slacken their speed. A motor vehicle operator is bound to observe the character of the locality and comply with the law (32 R. I., 490). Any motor traveler having ordinary powers of observation can tell when he is in the residential- localities, and when he has arrived at a business and closely built up -portion of a city.
State v. Born, 85 O. S., 430, is generally cited as an authority in civil cases of this class. It is stated in the opinion that whether a locality is a business or closely built up portion of ^ municipality or otherwise is a question of fact to be determined by the jury.
This is not a pertinent decision because the question actually therein considered was whether a city ordinance might declare the locality, where the automobile causing the death was driven, was .a business and closely built up portion of the city. The question decided was that the ordinance was properly excluded. The reason assigned was that defendant had the right to have the fact determined by the jury upon evidence, and not by the declaration by the city council; that is the fact whether the place in *586 volved was within such a district as is described by Section 12608 was to be determined upon the evidence rather than by the mere declaration of a municipal ordinance.
The point of the decision was that' a city ordinance could not be substituted for evidence as proof of the locality.
No decision whatever was made in that case in respect to the determination of the character of a locality, when the undisputed evidence discloses that it is not a business and closely built up section of a city.
Counsel for plaintiff has suggested in other cases of non-suit now under consideration that the court necessarily weighed evidence in order to determine whether there was any evidence that tended to prove facts essential to maintain a cause.
The same process of reasoning is involved when applying the appropriate rule of law to single state of facts, where other issues are submitted for decision by a jury.
It has been stated that for a judge to rule on what is or is not rationally possible for a jury to do, is, in reality, ruling on matter of law. In other words, whether there is any evidence upon which the jury could reasonably determine as to the truth of a matter in issue is a question of law for the court; if there is, it must be left to it for decision. Ohio Civ. Trials, Section 696, p. 588. This view concerning the scintilla rule does not find favor with us. The judicial function in ruling as matter of law whether there is any evidence in proof of any material facts is not to be exercised by a consideration whether a jury could reasonably determine the truth. Such a process involves the probative value or weight of the evidence, making it necessary to decide whether a jury could justifiably find a verdict.
It is not difficult to decide when there is no evidence; so it is simple to determine whether there is some evidence tending to prove an issue. (Ohio Civ. Tr., Section 697.)
These views and general considerations are mentioned to illustrate a trend to yield a judicial function. The law does not change in its constitutional aspects even though individuals may do so.
It seems to be common to instruct the jury concerning the laws of speed by reading and explaining the statute and leaving the *587 rate of speed to be decided by the jury even though there be no dispute concerning the character of the territory. Such course leaves it open for the jury to speculate concerning the law of speed applicable to the case.
' It seems clear therefore that where there is no dispute in the evidence concerning the nature .and character of the portion of the city involved, that when it undisputedly appears that it is not a business and closely built up section, there remains nothing for the court to do but to apply the law, and to instruct the jury that the fifteen miles per hour law applies and governs. This was the basis of the action of the court, and in this we think there was no error.
Motion for new trial overruled; judgment of dismissal on verdict of jury.